# CLIFTON BUDD & DEMARIA, LLP
### ATTORNEYS AT LAW

THE EMPIRE STATE BUILDING  
350 FIFTH AVENUE, 61ST FLOOR  
NEW YORK, NY 10118

TEL (212) 687-7410  
FAX (212) 687-3285  
www.cbdm.com

November 6, 2020

**VIA ECF**
Hon. Laura Taylor Swain
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

## MEMO ENDORSED

Re:   *Liss v. Heritage Health & Housing, Inc.*
      1:19-cv-04797-LTS-SDA

Dear Judge Swain:

      This firm represents Defendant Heritage Health & Housing, Inc. in the above-referenced action. Pursuant to Section 1 of the Pre-Trial Scheduling Order ("Order"), dated September 23, 2020, the parties jointly request a stay of all pre-trial deadlines pending Your Honor's decision on the Defendant's Motion for Summary Judgment ("Motion").

      According to the Order, the movant may request a stay if it "believes the motion, if granted, would obviate entirely the necessity of a trial of this matter." *See* ECF Doc. 34. That is the case here. To establish a *prima facie* case of whistleblower retaliation, Plaintiff must show that she was engaged in protected activity, the employer was aware of the protected activity, and the employer took adverse action because the employee engaged in protected activity. *See Dhaliwal v. Salix Pharm., Ltd.*, 752 F. App'x 99, 100 (2d Cir. 2019) (summary order).

      In accordance with Your Honor's Pre-Motion Communication requirements, the Defendant sent Plaintiff a letter on November 2, 2020, which explained the reasons it will argue that Plaintiff cannot state a *prima facie* case in addition to providing legitimate non-discriminatory reasons for Plaintiff's termination. In addition, Defendant explained that Plaintiff cannot raise a triable issue to suggest that Defendant's stated reason for discharging her was false or that unlawful retaliation was the real reason.

      Plaintiff responded by letter on November 3, 2020. She acknowledged the elements she must prove but emphasized that she may defeat a summary judgment motion by demonstrating weaknesses, inconsistencies, or contradictions in the employer's proffered reasons for her termination.

**CLIFTON BUDD & DEMARIA, LLP**

November 6, 2020
Page 2

      The parties conferred by phone on November 5, 2020, where they attempted (unsuccessfully) to resolve the matters in controversy and discussed seeking this stay because Defendant's Motion, if successful, could entirely obviate the need for trial by dismissing the case.

      "Courts considering stay applications must 'exercise [their] judgment'" and "'weigh competing interests.'" *Royal Park Invs. SA/NV v. Bank of Am. Corp.,* 941 F.Supp.2d 367, 370 (S.D.N.Y.2013) (quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S.Ct. 163 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of its own docket with economy of time and effort for itself, for counsel, and for litigants.")). Courts in this Circuit consider five factors in deciding whether a stay is appropriate: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See Ritchie Capital Management, LLC v. General Elec. Capital Corp.*, ,87 F. Supp. 3d 463, 471 (S.D.N.Y. 2015).

      Here, all five factors weigh in favor of granting a stay of pretrial deadlines. Plaintiff joins this request for a stay and, as such, is not prejudiced. The same is true for the Defendant. Proceeding with pre-trial procedures would burden the Court and the parties unnecessarily if the Defendant's Motion succeeds. Other persons do not have an interest in this case. Lastly, the public interest will not be impacted by the stay of pre-trial deadlines.

      Thank you for Your Honor's time and consideration.

Respectfully submitted,

The stay request is granted for the above-stated reasons.  DE#38 resolved.
SO ORDERED.
11/9/2020
/s/ Laura Taylor Swain, USDJ

CLIFTON BUDD & DeMARIA, LLP
*Attorneys for the Defendant*

By: _____
Arthur J. Robb
Ian-Paul A. Poulos

CC:    All Counsel of Record